UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

CLOSE-UP INTERNATIONAL, INC. and
KINOVIDEOOBYEDINENIE KRUPNIYPLAN,

                      Plaintiffs,

  -against-                                    ORDER

VLADIMIR TRAYNIN, IRINA BOUCHKANETS,        02-CV-5860 (DGT) (KAM)
DMITRY VOLER, MIKHAIL VOLER, JANA
BOUCHKANETS, LEONID GINDEL,
MOSVIDEOFILM, INC., MIKHAIL & SON VIDEO,
INC., MOSVIDEOFILM BY MAIL, and MIKES VIDEO,
INC.,

                      Defendants.

------------------------------------------------------------------------- x

MATSUMOTO, United States Magistrate Judge:

        Defendants seek to compel the appearance for deposition of three representatives of plaintiff Krupniy Plan—Viktor Rabinkov, identified by plaintiffs as the sole shareholder, director, and president of Krupniy Plan; Olga Molokanova, Mr. Rabinkov's assistant; and Sergey Semonev, counsel to and/or legal director[1] of Krupniy Plan (collectively, "Krupniy Plan representatives"). Defendants noticed the depositions of the Krupniy Plan representatives on or about February 10, 2005 and again on May 2, 2005. Plaintiffs objected to the depositions for the first time on May 17, 2005. Plaintiffs and defendants have each submitted four letters in support of their respective positions. See docket nos. 79-82, 85, 87, 88, 90.

---

[1] Plaintiffs claim that Mr. Semonev is "outside counsel to Krupniy Plan." See Letter from Harvey Shapiro to Judge Matsumoto dated June 10, 2005 (hereafter, "Pl. Let. of 6/10/05") at 2, docket no. 81. Defendants submit a declaration from Mr. Semonev in which he states himself to be Legal Director of Krupniy Plan. See Letter from Kenneth Feinswog to Judge Matsumoto dated May 19, 2005 (hereafter, "Def. Let. of 5/19/05") at 18, docket no. 79. Notwithstanding this discrepancy, Mr. Semonev has been identified as a party with knowledge regarding the relevant facts of this case in plaintiffs' answers to interrogatories. Id. at 6.

The Krupniy Plan representatives all reside in Russia. Plaintiffs have requested that their depositions be conducted by telephone, citing (1) the availability of Natalia Ganem, the principal of Close-Up International, Inc., whom the Krupniy Plan representatives have previously designated as their agent for purposes of Rule 30(b)(6), for an in-person deposition; (2) Krupniy Plan's "tangential" participation in this litigation; and (3) "good cause" justifications as to why the Krupniy Plan representatives should not be compelled to appear in person for deposition. Plaintiffs assert that Rabinkov is "unable to travel by plane" due to psychological reasons, since he was a passenger on an aircraft that was hijacked by terrorists, and has "little knowledge" of facts relevant to the case. Plaintiffs claim Molokanova "does not travel to the United States" and that the scope of her "testimony is more attenuated" than Rabnikov's. Semonev, Krupniy Plan's "outside counsel," has no plans to travel to the United States, and his knowledge "relates solely to Krupniy Plan's acquisition of exclusive rights and transfer of rights to Close-Up." See Pl. Let. of 6/10/05 at 2-3, docket no. 81.

Defendants request that plaintiffs be compelled to appear in person for depositions, citing, *inter alia*, (1) the relevant and "critical" nature of the Krupniy Plan representatives' testimony; and (2) the "long and tedious" process that would be required—caused by voluminous deposition exhibits and the need for a translator—to conduct the depositions over the telephone, resulting in concomitantly higher fees. See Letter from Kenneth Feinswog to Judge Matsumoto dated June 10, 2005 (hereafter, "Def. Let. of 6/10/05") at 3, docket no. 82.

For the reasons stated below, the Court orders that Mr. Rabinkov and Ms. Molokanova must appear for deposition within thirty days of the date of this decision in either the Eastern or Southern District of New York. The Court defers at this time a decision on Mr.

Semonev's appearance until the depositions of Mr. Rabinkov, Ms. Molokanova, and plaintiffs' Fed. R. Civ. P. 30(b)(6) witness have been completed and the Court has received from defendants a promptly renewed application stating that Mr. Semonev's deposition is still necessary.

## DISCUSSION

Defendants rely, *inter alia*, on a January 2003, apparently *ex parte*, conversation defendants' counsel had with one of Judge Trager's law clerks, in which defendants' counsel was allegedly informed "that Mr. Rabinkov could appear for his deposition [regarding the issuance of a preliminary injunction] by telephone but that he would have to appear for his deposition in New York during the course of the case." See Letter from Kenneth Feinswog to Judge Matsumoto dated July 15, 2005 (hereafter, "Def. Let. of 7/15/05") at 2, docket no. 85. This Court is reluctant to rest its decision on the foregoing undocumented conversation.[2]

Courts in the Eastern District have held that the issue of the proper location for a deposition should be addressed under the overall rubric of "cost, convenience and litigation efficiency." Buzzeo v. Bd. of Educ., 178 F.R.D. 390, 392 (E.D.N.Y. 1998). Furthermore, courts elsewhere in the Second Circuit have generally "enunciated the policy of requiring a non-resident plaintiff who chooses this . . . forum to appear for deposition in this forum absent compelling circumstances." Clem v. Allied Van Lines Int'l Corp., 102 F.R.D. 938, 939

---

[2] For similar reasons, the Court will not address parties' conflicting characterizations of the ruling Judge Azrack was allegedly prepared to issue—but did not actually issue—regarding the location of Mr. Rabinkov's deposition in the related action brought in this district by plaintiffs, Close-Up Int'l, Inc. v. Berov, No. 02 Civ. 2363 (DGT). See Letter from Harvey Shapiro to Judge Matsumoto dated May 20, 2005 (hereafter, "Pl. Let. of 5/20/05") at 3, docket no. 80; Def. Let. of 6/10/05 at 3, docket no. 82; Letter from Harvey Shapiro to Judge Matsumoto dated August 12, 2005 (hereafter, "Pl. Let. of 8/12/05") at 2, docket no. 90.

(S.D.N.Y. 1984).[3] Under most circumstances a plaintiff is expected to appear in the litigation forum:

> As a normal rule plaintiff will be required to make himself or herself available for examination in the district in which the suit was brought. Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition. But this is at best a general rule, and is not adhered to if plaintiff can show good cause for not being required to come to the district where the action is pending.

8A Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2112 (1994). This Court's analysis will focus primarily on whether plaintiffs have demonstrated such "good cause" for not appearing in the forum for deposition.[4]

The Court is not convinced that the Krupniy Plan representatives have demonstrated good cause for not appearing in person for their depositions in New York City. Plaintiffs' only support for their assertion of hardship is their claim that "Mr. Rabinkov is unable to travel by plane . . . for psychological reasons." See Pl. Let. of 6/10/05 at 2, docket no. 81. However, in support of this contention plaintiffs have not submitted any medical documentation,

---

[3] This is not, however, an iron-clad rule. See Skellerup Indus., Ltd. v. Crystal Polymer Corp., No. 93 Civ. 0056, 1993 WL 69697, at *1 (W.D.N.Y. Mar. 8, 1993) ("Ordinarily a plaintiff . . . should make itself available for depositions at the situs of the forum. However this usual rule loses its force where the plaintiff had no choice to begin with [other than not suing at all]").

[4] Although defendants assert that they will be prejudiced if they are not permitted to conduct in-person depositions, observe coaching of witnesses, etc., see Def. Let. of 6/10/05 at 2, docket no. 82, the Court discounts such assertions in making its decision. See Daly v. Delta Airlines, Inc., No. 90 Civ. 5700, 1991 WL 33392, at *1 (S.D.N.Y. Mar. 7, 1991) (finding that if only tactical reasons favored an in-person deposition, "the court would seriously entertain the prospect of a telephone deposition" if the plaintiff demonstrated substantial hardship). In fact, prior courts have held that "[a]cceptance of defendant's argument [about the need to see the deponent's demeanor] would be tantamount to repealing [Fed.R.Civ.P. 30(b)(7)]," which provides for depositions by telephone. Normande v. Grippo, No. 01 Civ. 7441, 2002 WL 59427, at *2 (S.D.N.Y. Jan. 16, 2003) (quoting Jahr v. IU Int'l Corp., 109 F.R.D. 429, 432 (M.D.Cal. 1986)) (brackets in original).

as explicitly directed in the Court's order of June 25, 2005.[5] Plaintiffs admit that Mr. Rabinkov "does not have any medical records regarding [his fear of flying], nor is he amenable to consulting a doctor at this time regarding this condition, as such medical records might be used by his business adversaries to undermine his position." See Pl. Let. of 8/12/2005 at 2, docket no. 90. Even if plaintiffs had documented Mr. Rabinkov's condition, his fear of air travel would not mandate that his deposition be conducted in Russia. See Am. Int'l Tel., Inc. v. Mony Travel Servs., Inc., 203 F.R.D. 153, 155 (S.D.N.Y. 2001) ("The Court can perceive no reason why [a party's] alleged fear of flying should require someone else to take to the skies"). As the sole shareholder, director and president of Krupniy Plan and an individual identified in plaintiffs' Rule 26(a) disclosures, see "Def. Let. of 5/19/05") at 6, docket no. 79, Rabinkov is a critical witness who must submit to a deposition in the forum of his choosing.[6]

Plaintiffs also claim that Ms. Molokanova "does not travel to the United States" and that requiring her to do so "would impose an unnecessary burden and expense." See Pl. Let. of 6/10/05 at 2, docket no. 81. However, in light of defendants' contention that Ms. Molokanova previously "traveled from Russia to New York to meet with [defendant] Vladimir Traynin" and allegedly observed some of defendants' actions that are at the heart of plaintiffs' allegations, see Def. Let. of 6/10/05 at 3, docket no. 82, the Court finds that plaintiffs' assertions of "unnecessary burden and expense" are unavailing.

---

[5] Additionally, plaintiffs have only partially complied with the Court's order requesting a copy of Mr. Rabinkov's passport records dating from 2000; the documentation submitted dates back only to 2003 and is not translated into English. In any case, the documentation merely establishes that Mr. Rabinkov has not flown internationally in the last two years; it is not conclusive as to whether Mr. Rabinkov has flown domestically within Russia.

[6] The Court finds unavailing plaintiffs' attempt to analogize Rabinkov's status in Krupniy Plan with the president of Paramount Pictures. See Pl. Let. of 8/12/2005 at 2, docket no. 90.

-5-

Defendants note that "the Krupniy Plan witnesses will be questioned about . . . possibly over a thousand documents" and that "[t]elephonically deposing said parties will probably lengthen the depositions considerably." Id. Other courts have found cost, convenience, and efficiency concerns relating to the complexity of the action to militate in favor of orders that deponents must appear in the forum rather than by telephone. See Dubai Islamic Bank v. Citibank, N.A., No. 99 Civ. 1930, 2002 WL 1159699, at *15 (S.D.N.Y. May 31, 2002) ("[B]ecause of the language barriers and the need for interpreters, telephone depositions would not be practical"); Fireman's Fund Ins. Co. v. Zoufaly, No. 93 Civ. 1890, 1994 WL 583173, at *1 (S.D.N.Y. Oct. 21, 1994) ("If the documents are voluminous and central to the inquiry, this may be a basis for precluding a telephone deposition"). Weighing such considerations, it appears that conducting plaintiffs' depositions in person, in either the Eastern or Southern District of New York, will best meet the "cost, convenience and litigation efficiency" concerns enunciated in Buzzeo, *supra*.

Plaintiffs also contend that the Krupniy Plan representatives should not have to bear the time and expense of travel to the United States for depositions on the grounds that they "only have information regarding copyright ownership and licensing, and have had no dealings with the defendants' video businesses." See Pl. Let. of 5/20/05 at 3, docket no. 80. Defendants assert that both copyright ownership and licensing are at issue in this case and dispute plaintiffs' assertion that the Krupniy Plan representatives had no business dealings with defendants. See Def. Let. of 6/10/05 at 2, docket no. 82. Given that plaintiffs are suing defendants on the basis of plaintiffs' alleged copyright ownership and valid licensing agreement, and that plaintiffs have knowledge of facts relevant to the claims and defenses as well as information likely to lead to the discovery of admissible evidence, defendants are entitled to conduct the depositions in question

without having to bear the burden of traveling to Russia. Moreover, "a claim that [a] witness lacks knowledge is subject to testing by the examining party." Consol. Rail Corp. v. Primary Indus. Corp., No. 92 Civ. 4927, 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993).

Plaintiffs further argue that since Viktor Rabinkov has previously been permitted to give his deposition by telephone during Judge Trager's consideration of a motion for a preliminary injunction, he should be permitted to do so again. See Pl. Let. of 6/10/05 at 3, docket no. 81. This argument is unconvincing. A court may allow a telephonic deposition at an introductory stage of the litigation but require a personal appearance when the deposition is related to the merits of the case. See Auscape Int'l v. Nat'l Geographic Soc'y, No. 02 Civ. 6441, 2003 WL 139213, at *1-2 (S.D.N.Y. Jan. 17, 2003) (requiring plaintiffs to appear for deposition either in the district where suit was brought or in the district to which it was transferred after previously permitting telephone depositions during class certification).

The Court reserves decision on the deposition of Krupniy Plan's legal director, Sergey Semonev, at this time. Due to the complications that may arise from the likely invocation of attorney-client privilege, the Court defers deciding the question of whether Mr. Semonev must appear for deposition until defendants have had the opportunity to depose Mr. Rabinkov, Ms. Molokanova, and Ms. Ganem and to assess whether there is a further need for Mr. Semonev's testimony.

The Court denies plaintiffs' request for defendants to bear the costs of these depositions. See Pl. Let. of 6/10/05 at 4, docket no. 81. Defendants have made an adequate showing that their requests for depositions of the Krupniy Plan witnesses are not frivolous. Plaintiffs have not cited to any authority supporting their position that in this situation, defendants should bear deposition costs of the Krupniy Plan witnesses. See Consol. Rail Corp.,

1993 WL 364471, at *2 ("Since . . . the plaintiff[] would normally be expected to produce its witnesses for deposition in the forum district, it shall initially bear the costs of conducting the depositions"); see also Popular Imps., Inc. v. Wong's Int'l, Inc., No. 94 Civ. 4610, 166 F.R.D. 276 (E.D.N.Y. 1996) (refusing to award plaintiffs costs incurred for depositions in China).

## CONCLUSION

For the aforementioned reasons, Viktor Rabinkov and Olga Molokanova are ordered to appear in New York City for deposition within thirty (30) days of the date of this decision.

Any objections to this Order must be filed with District Judge Trager, via ECF, within ten days. Failure to object within ten days of the date of entry of this order will preclude appellate review by the District Court. See Fed. R. Civ. P. 72(a); see also Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1989); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989). Any request for an extension of time to file an objection should be addressed to Judge Trager.

SO ORDERED.

/s/
KIYO A. MATSUMOTO
United States Magistrate Judge

Dated: August 17, 2005
      Brooklyn, New York